UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiff,

    v.

JPMORGAN CHASE & CO.,

    Defendant.

Civil Action No.: _____

**COMPLAINT FOR DECLARATORY JUDGMENT AND
CANCELLATION OF SERVICE MARK REGISTRATIONS**

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") files this complaint for declaratory judgment and cancellation of service mark registrations against defendant JPMorgan Chase & Co. ("JPMorgan"), and in support thereof alleges as follows:

**NATURE OF THE ACTION**

1. Founded in 1851, MassMutual is a leading mutual life insurance company run for the benefit of its members and participating policy owners. MassMutual's Retirement Services Division helps clients in businesses, unions, nonprofits, and government organizations reach their retirement investment goals by offering a full range of retirement products and individualized services. For example, MassMutual's Retirement Services Division provides sophisticated investment planning tools and education services to help retirement plan participants make smart financial decisions.

2. For at least the past eight years, MassMutual has used the term RETIRESMART to identify these investment planning and education services. Additionally, MassMutual uses the

term RETIRESMART in connection with its mutual fund and retirement planning services, which help its clients make smart financial decisions when saving money for retirement.

3.  MassMutual is not the only company that uses the terms RETIRE and SMART in connection with retirement planning financial services. Indeed, many individuals and companies use—and in several cases have federally registered—these descriptive terms (and similar variations thereof) in connection with providing services to help people save money for retirement. To MassMutual's knowledge, however, none of those companies uses the exact formulation RETIRESMART.

4.  One company that also uses terms that include the root words RETIRE and SMART is JPMorgan, which uses the term SMARTRETIREMENT to describe its retirement investment services that help individuals save money and plan for retirement (i.e., its retirement investment vehicles are "smart" means by which to plan for "retirement"). JPMorgan owns federal service mark registrations covering the terms SMARTRETIREMENT and JPMORGAN SMARTRETIREMENT in connection with retirement and investment services (U.S. Reg. Nos. 3,818,282 and 3,818,281, respectively). These registrations issued in 2010 and are therefore not incontestable.

5.  Despite (i) the highly descriptive connotation of the terms SMART and RETIREMENT in connection with retirement planning services; (ii) the widespread third-party use of such terms (and similar variations thereof); and (iii) MassMutual's longtime use of the term RETIRESMART in connection with retirement investment services, JPMorgan recently demanded that MassMutual cease its use of the RETIRESMART term, alleging that MassMutual's use is likely to cause confusion with JPMorgan's use of the term SMARTRETIREMENT.

6. Because JPMorgan does not have the exclusive right to use the terms SMART and RETIREMENT in connection with retirement investment services and because there can be no likelihood of confusion between MassMutual's use of the descriptive term RETIRESMART and JPMorgan's use of the descriptive term SMARTRETIREMENT—indeed, there has been none over the past eight years—MassMutual seeks a declaratory judgment that its use of the term RETIRESMART in connection with its retirement investment services does not constitute trademark infringement of JPMorgan's purported marks SMARTRETIREMENT and JPMORGAN SMARTRETIREMENT.

7. Because SMARTRETIREMENT is highly descriptive and JPMorgan cannot claim the exclusive right to use the term due to the widespread third party use of the terms SMART and RETIREMENT, MassMutual also seeks cancellation of JPMorgan's federal service mark registrations for the claimed marks SMARTRETIREMENT and JPMORGAN SMARTRETIREMENT (U.S. Reg. Nos. 3,818,282 and 3,818,281, respectively).

## PARTIES

8. Plaintiff MassMutual is an insurance company organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 1295 State Street, Springfield, Massachusetts 01101.

9. Upon information and belief, Defendant JPMorgan is a Delaware corporation with a principal place of business at 270 Park Avenue, New York, New York 10017.

## JURISDICTION AND VENUE

10. This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration of the rights and/or other legal relations of the parties to this litigation with respect to an actual controversy arising under the trademark laws of the

United States, 15 U.S.C. § 1051, *et seq.* This action also arises and is brought under the Lanham Act, 15 U.S.C. § 1119, seeking cancellation of JPMorgan's federal service mark U.S. Reg. Nos. 3,818,282 and 3,818,281. Thus, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

11. This Court has personal jurisdiction over JPMorgan as JPMorgan does continuous and systematic business in Massachusetts and this District. *See* MASS. GEN. LAWS ch. 223A, § 3.

12. Venue is proper in the district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred in this District and have caused damage to MassMutual in this District.

## FACTS

### MassMutual's Use of the Term RETIRESMART

13. For at least the past eight years, MassMutual has used the term RETIRESMART in connection with its retirement investment services. Specifically, MassMutual's Retirement Services Division uses the term RETIRESMART in connection with a program that provides sophisticated tools and education services to help retirement plan participants make wise financial decisions. For example, MassMutual offers a RETIRESMART tool that provides participants with a simple means of calculating and implementing saving rates and asset allocation strategies in order to maximize their retirement income potential. MassMutual owns the domain name *retiresmart.com* and uses it as the main consumer hub for its RETIRESMART program. Additionally, MassMutual uses the term RETIRESMART in connection with a variety of mutual fund services.

## Third Party Use of the Terms SMART and RETIREMENT

14. Many other third parties use, and have registered, the terms SMART and RETIREMENT (or slight variations thereof) in connection with their retirement investment services.

15. In addition to JPMorgan's registrations for SMARTRETIREMENT, the federal register contains other live registrations owned by third parties for marks containing the terms SMART and RETIREMENT for use in connection with financial investment services:

- SMARTER RETIREMENT STRATEGIES for financial planning consulting and education services, owned by Tucker Advisory Group of Littleton, CO (U.S. Reg. No. 4,400,751);

- SMART STRATEGIES FOR THE RETIREMENT RED ZONE for investment advisory and management services including retirement planning services, owned by Prudential of Newark, NJ (U.S. Reg. No. 4,147,275); and

- SCHWAB RETIREMENT SMART STEPS for investment services including retirement planning, owned by Charles Schwab (U.S. Reg. No. 3,659,446).

The TESS records and registration certificates showing the details of the above-identified registrations are attached hereto as Exhibit A.

16. Additionally, many companies and individuals use, but have not registered, the terms SMART and RETIREMENT (and variations thereof) in connection with financial investment products and services. For example:

- A company named RETIRE SMART Consulting of Princeton, New Jersey offers wealth management and investment advisory services to individuals, small to mid-sized businesses, and non-profits and civic organizations;[1] and

---

[1] http://www.retiresmartconsulting.com/new/retiresmartconsulting/content.asp.

- SBI Life Insurance offers a pension plan under the name and tagline "SBI Life – Retire Smart."[2]

Website printouts showing use of the above-identified terms are attached hereto as Exhibit B.

17. And not surprisingly, the phrases "retire smart" and "smart retirement" (and variations thereof) are often used in articles, books, and other written ad copy in connection with references to planning for retirement. For example:

- *Active Steps Toward Smart Retirement*, an article in a central Oregon publication named "The Bulletin";[3]

- *Retiring Smart: Know the IRA Withdrawal Rules*, an online article on Ally Bank's website;[4] and

- *Smart Retirement Planning: Factoring in COLAs*, an online article on WealthManagement.com.[5]

Website printouts showing use of the above-identified terms are attached hereto as Exhibit C.

### JPMorgan's Use of the Term SMARTRETIREMENT

18. JPMorgan is a large-scale financial services firm that specializes in investment banking, financial services for consumers and small businesses, commercial banking, financial transaction processing, asset management, and private equity.

19. Upon information and belief, JPMorgan uses the term SMARTRETIREMENT to describe mutual fund investment vehicles designed to manage retirement assets.

20. On December 18, 2009, JPMorgan applied to register the terms SMARTRETIREMENT and JPMORGAN SMARTRETIREMENT on the federal trademark register in connection with "mutual fund brokerage, investment, and distribution services" in

---

[2] http://www.sbilife.co.in/sbilife/content/9_7552.
[3] http://www.bendbulletin.com/home/2015239-151/active-steps-toward-smart-retirement.
[4] http://www.ally.com/ira/know-the-ira-withdrawal-rules-retiring-smart/.
[5] http://wealthmanagement.com/viewpoints/smart-retirement-planning-factoring-colas.

6

Class 36, claiming a first use date of May 31, 2006.  The applications matured to registration on July 13, 2010 (U.S. Reg. Nos. 3,818,282 and 3,818,281).

21. The term SMARTRETIREMENT is merely descriptive as used in connection with the retirement investment services identified in JPMorgan's registrations.  Specifically, the term SMART is laudatory and identifies a characteristic of JPMorgan's retirement investment services—namely, that it is "smart" to plan for retirement or that JPMorgan's products help individuals do so in a "smart" way.  Additionally, the term RETIREMENT directly identifies the nature of JPMorgan's products—namely, "retirement" investment vehicles.

22. Therefore, the term SMARTRETIREMENT is merely a combination of two highly descriptive terms.  JPMorgan's SMARTRETIREMENT funds help individuals invest money for retirement (i.e., the retirement investment vehicles are "smart" means by which to plan for "retirement").  It requires no imagination, thought, or perception upon seeing the mark to reach a conclusion that JPMorgan offers retirement planning investment services.

23. JPMorgan itself recognizes this descriptive connotation.  For example, in a publicly available letter summarizing the events that occurred at a corporate finance conference, JPMorgan's CEO specifically referenced the SMARTRETIREMENT investment services in a section entitled "The *Smart* way to retire."  *See* Exhibit D (emphasis in original).

24. The term SMARTRETIREMENT has not become distinctive of the retirement investment services identified in the Registrations in part because JPMorgan has not made substantially exclusive use of the term SMARTRETIREMENT as required in order to claim that the term has acquired distinctiveness as a service mark.

**JPMorgan's Threats to MassMutual**

25.     In May 2014, Philip Prince, JPMorgan's Managing Director and Head of Insurance Solutions, deliberately approached Timothy Corbett, MassMutual's Executive Vice President and Chief Investment Officer at an industry conference in London, and specifically asserted that JPMorgan believes MassMutual's use of the term RETIRESMART infringes JPMorgan's rights in the SMARTRETIREMENT marks, and that MassMutual must cease use of the term RETIRESMART.

26.     Within just weeks, Mr. Prince called Mr. Corbett to follow up on the demands made at the London conference. Mr. Prince reiterated that JPMorgan believes MassMutual is infringing JPMorgan's trademark rights, and that MassMutual must cease use of the term RETIRESMART.

27.     In June 2014, the parties engaged in discussions and exchanged correspondence regarding the matter, during which time MassMutual indicated that it would not cease use of the term RETIRESMART, but that it would consider entering into a coexistence agreement under certain limited terms. JPMorgan indicated its willingness to consider a coexistence agreement with MassMutual, and asked MassMutual to prepare a draft of such an agreement. MassMutual sent JPMorgan a draft agreement in July 2014.

28.     In September 2014, JPMorgan responded with edits to the substance of MassMutual's draft agreement that were not in accord with any agreement MassMutal would ever consider. Indeed, JPMorgan's proposal would prevent MassMutual from using the term RETIRESMART in any commercially-reasonable way, and is therefore not in the spirit of compromise or settlement. MassMutual conveyed the fact that it could not agree to the

coexistence agreement terms demanded by JPMorgan, and asked whether JPMorgan would reconsider.

29. On October 17, 2014, Mr. Corbett and Mr. Prince had another telephone conversation, where Mr. Prince indicated JPMorgan's belief that there is a fundamental disagreement between the parties, and stated further that JPMorgan maintains its position that MassMutual must immediately cease use of the term RETIRESMART.  Later on October 17, 2014, Todd Picken, MassMutual's Corporate Vice President and Treasurer had a telephone conversation with Dan Serrao, a Managing Director with JPMorgan, who reiterated JPMorgan's position that the parties had reached an impasse, and also noted that JPMorgan's trademark counsel had concluded that the matter would be a good case on which to proceed to litigation.

30. As a result, there presently exists a justiciable controversy regarding MassMutual's right to use the term RETIRESMART in connection with its financial investment services free from any allegation by JPMorgan that such conduct constitutes an infringement of JPMorgan's claimed rights in the term SMARTRETIREMENT.

## CLAIMS FOR RELIEF

### COUNT I
### (Declaratory Judgment of Non-Infringement)

31. MassMutual repeats and realleges the allegations set forth in paragraphs 1-30 herein.

32. This is an action for declaratory judgment and further relief against JPMorgan pursuant to 28 U.S.C. §§ 2201 and 2202.

33. JPMorgan has alleged, and MassMutual denies, that MassMutual's use of the term RETIRESMART in connection with its retirement investment services infringes JPMorgan's alleged rights in its federally-registered SMARTRETIREMENT service mark.

34. JPMorgan's allegations of infringement create a reasonable apprehension by MassMutual that JPMorgan will file a lawsuit against MassMutual asserting trademark infringement claims under 15 U.S.C. § 1051, *et seq.*

35. There exists an actual and justiciable controversy between MassMutual and JPMorgan as to whether MassMutual infringes any of JPMorgan's alleged service marks.

36. Because JPMorgan does not have the exclusive right to use the terms SMART and RETIREMENT in connection with retirement investment services, and because there can be no likelihood of confusion between MassMutual's use of the descriptive term RETIRESMART and JPMorgan's use of the descriptive term SMARTRETIREMENT (indeed, there has been none over the past eight years), MassMutual seeks a declaratory judgment that its use of the term RETIRESMART in connection with its retirement investment services does not constitute trademark infringement of JPMorgan's purported marks SMARTRETIREMENT and JPMORGAN SMARTRETIREMENT.

### COUNT II
### (Cancellation of JPMorgan's Federal Service Mark Registrations)

37. MassMutual repeats and realleges the allegations set forth in paragraphs 1-36 herein.

38. This is an action for cancellation of JPMorgan's service mark registrations for the terms SMARTRETIREMENT and JPMORGAN SMARTRETIREMENT pursuant to 15 U.S.C. §§ 1064 and 1119.

39. In view of the descriptive nature of the term SMARTRETIREMENT, the widespread use of the terms SMART and RETIREMENT by third parties, and the lack of acquired distinctiveness of the term SMARTRETIREMENT, MassMutual and others have a present and prospective right to use and to continue to use the terms SMART and

RETIREMENT (and variations thereof) in connection with their financial services.  JPMorgan is therefore not entitled to the exclusive right to use the term SMARTRETIREMENT and U.S. Reg. Nos. 3,818,282 and 3,818,281 for SMARTRETIREMENT and JPMORGAN SMARTRETIREMENT should be cancelled.

40. Registration of the term SMARTRETIREMENT is causing, and will continue to cause, damage to MassMutual and others because it unfairly provides JPMorgan with *prima facie* evidence of the exclusive right to use SMARTRETIREMENT in connection with JPMorgan's services.

41. Based on the foregoing, MassMutual is entitled to an order pursuant to 15 U.S.C. § 1119 directing the Director of the Trademark Office to cancel U.S. Reg. Nos. 3,818,282 and 3,818,281.

*****

WHEREFORE, MassMutual respectfully requests that this Court enter judgment in its favor and against JPMorgan:

a. Declaring that MassMutual's use of the term RETIRESMART for financial services does not infringe, and at all times has not infringed, JPMorgan's claimed rights in the term SMARTRETIREMENT;

b. Declaring that the term SMARTRETIREMENT (i) lacks the requisite legal requirements to be protectable under the Lanham Act and (ii) is not entitled to registration on the Principal Register;

c. Ordering that U.S. Reg. Nos. 3,818,282 and 3,818,281 be cancelled and directing the Clerk of Court to transmit notice of the Order to the Director of the Trademark Office of the United States Patent and Trademark Office;

    d.    Awarding MassMutual its costs and attorneys' fees; and

    e.    Granting MassMutual such further relief as the Court deems just and proper.

Dated: October 17, 2014

Respectfully submitted,

/s/ R. David Hosp

R. David Hosp (BBO #634091)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Email:    hosp@fr.com

Elizabeth E. Brenckman (*pro hac vice forthcoming*)
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
Email:    brenckman@fr.com

ATTORNEYS FOR MASSACHUSETTS
MUTUAL LIFE INSURANCE COMPANY